# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case 19-cv-00842 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| South Jetty Products, LLC d/b/a South Jetty Coolers, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);
(2) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);
(3) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;
(4) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);
(5) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);
(6) TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);
(7) TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;
(8) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);
(9) COMMON LAW TRADE DRESS INFRINGEMENT;
(10) COMMON LAW TRADEMARK INFRINGEMENT;
(11) COMMON LAW UNFAIR COMPETITION;
(12) COMMON LAW MISAPPROPRIATION; AND
(13) UNJUST ENRICHMENT.

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against South Jetty Products, LLC d/b/a/ South Jetty Coolers ("South Jetty Coolers"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, South Jetty Products, LLC is a company organized and existing under the laws of the State of Texas with a principal place of business at 514 Regentview Drive, Houston, TX 77079. South Jetty Coolers maintains a Registered Agent in the State of Texas.  South Jetty Coolers may be served at its Registered Agent, Sam Pennington, at 514 Regentview Drive, Houston, TX 77079.

### Jurisdiction and Venue

3.      This is a complaint for damages and injunctive relief based on South Jetty Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of coolers and drinkware, and includes multiple grounds for relief including trade dress and trademark infringement, trade dress and trademark dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); federal common law; and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.     This Court has personal jurisdiction over South Jetty Coolers because, *inter alia*, South Jetty Coolers is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.   Among other things, (i) South Jetty Coolers has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, at least through South Jetty Coolers' principal web sites, https://www.southjettycoolers.com/,                     https://www.instagram.com/southjettycoolers/, https://www.facebook.com/southjettycoolers,   and   https://twitter.com/South_Jetty,   and https://www.amazon.com;   (ii) South Jetty Coolers' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, South Jetty Coolers acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) South Jetty Coolers' customers and/or potential customers reside in the State of Texas, including in this District.

6.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

**General Allegations – YETI's Intellectual Property**

7.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its Roadie® and Tundra® coolers, including, for example, the Roadie® 20 cooler, the Tundra® 45 cooler, and the Tundra® 65 cooler (collectively, "Roadie® and Tundra® Coolers").   YETI created unique, distinctive, and non-functional designs to use with YETI's Roadie® and Tundra® Coolers.   YETI has extensively and continuously promoted and used these designs in the United States and Texas.   Through that extensive and

continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Roadie® and Tundra® Cooler products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, YETI owns trade dress rights relating to its Roadie® and Tundra® Cooler designs.

8. YETI has enjoyed significant sales of its Roadie® and Tundra® Coolers throughout the United States, including sales to customers in the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Roadie® and Tundra® Coolers. The designs and features of YETI's Roadie® and Tundra® Coolers have received widespread and unsolicited public attention. For example, the Roadie® and Tundra® Coolers have been featured in numerous newspaper, magazine, and Internet articles.

9. The designs of the Roadie® and Tundra® Coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI. As a result of at least YETI's continuous and exclusive use of the designs of the Roadie® and Tundra® Coolers, YETI's marketing, advertising, and sales of the Roadie® and Tundra® Coolers, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the designs and appearances of the Roadie® and Tundra® Coolers, which consumers have come to uniquely associate with YETI.

10. Exemplary images of YETI's Roadie® and Tundra® Coolers are shown below:

4

| Illustration 1: Exemplary Image of a YETI Roadie® Cooler. |
| :---: |



**Illustration 2: Exemplary Images of YETI Tundra® Coolers.**

**YETI Tundra® 45 Cooler**



**YETI Tundra® 65 Cooler**

11.     YETI has trade dress rights in the overall look, design, and appearance of its Roadie® and Tundra® Coolers, which include the design and appearance of the style line on the front of the coolers; the design and appearance of the style line on the back of the coolers; the design and appearance of the front corners (with indentations) of the coolers; the design and appearance of the style line above the front style line; the design and appearance of the ledge around the perimeter of the cooler bodies; the design and appearance of the style line on each side of the coolers; the color contrast and color combinations of the coolers; and the relationship of these features to each other and to other features.

12.     For years, YETI has also continuously engaged in the design, development, manufacture, promotion, and sale of its insulated drinkware, including its 30 oz. Rambler® Tumbler and 20 oz. Rambler® Tumbler (collectively, "Rambler® Drinkware"). YETI created unique, distinctive, and non-functional designs to use with YETI's Rambler® Drinkware. YETI has extensively and continuously promoted and used these designs in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's Rambler® Drinkware products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have

become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its Rambler® Drinkware designs.

13.     YETI has enjoyed significant sales of the Rambler® Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler® Drinkware.  The designs and features of the Rambler® Drinkware have received widespread and unsolicited public attention.  For example, the Rambler® Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

14.     The designs of the Rambler® Drinkware are distinctive and non-functional and identify to consumers that the origin of the Rambler® Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Drinkware, YETI's marketing, advertising, and sales of the Rambler® Drinkware, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler® Drinkware, which consumers have come to uniquely associate with YETI.

15.     Exemplary images of a YETI 30 oz. Rambler® Tumbler are shown below:

| Illustration 3:  Exemplary Images of a YETI 30 oz. Rambler® Tumbler. |
|---|



16.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz.

Rambler® Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumbler and the tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

17. Exemplary images of a YETI 20 oz. Rambler® Tumbler are shown below:

| Illustration 4: Exemplary Images of YETI 20 oz. Rambler® Tumbler. |
|---|



18.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz.

Rambler® Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumbler and the tumbler lid of the YETI 20 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

19.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Roadie® and Tundra® Coolers and Rambler® Drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

20.     YETI has also used the trademark "YETI" throughout the United States and the State of Texas in connection with its goods and services, including at least its portable coolers and beverageware.

21.     In view of YETI's extensive and continuous use of "YETI," consumers have come to associate "YETI" as a source identifier of YETI, and YETI owns trademark rights in this mark.  Further, YETI owns several trademark registrations, including

i.  Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for portable coolers;

ii.  Trademark Registration No. 4,948,370 ("the '370 Registration") for *YETI* for clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets;

iii.  Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets;

iv.  Trademark Registration No. 5,330,469 ("the '469 Registration") for **YETI** for custom imprinting of tumblers, jugs and mugs; custom imprinting of beverageware; custom imprinting of drink holders; custom imprinting of insulated food and drink containers; custom imprinting of portable coolers;

v.  Trademark Registration No. 5,341,587 ("the '587 Registration") for "YETI" for metal strapping or tie downs; metal locks for coolers; metal latches; parts for portable coolers, namely, corner chocks primarily made of metal;

vi.  Trademark Registration No. 5,370,283 ("the '283 Registration") for "YETI" for backpacks; hunting bags; kill bags, namely, hunter's game bags; catch bags, namely, angler's game bags; wallets;

vii.  Trademark Registration No. 5,392,333 ("the '333 Registration") for "YETI" for custom imprinting of tumblers, jugs and mugs; custom imprinting of beverageware; custom imprinting of drink holders; custom imprinting of insulated food and drink containers; custom imprinting of portable coolers;

viii.     Trademark Registration No. 5,438,798 ("the '798 Registration") for "YETI" for seat cushions; non-metal locks for coolers; non-metal latches; parts for portable coolers, namely, plastic corner chocks;

ix.     Trademark Registration No. 5,521,939 ("the '939 Registration") for "YETI" for providing a website featuring non-downloadable videos in the fields of hunting, adventure, nature, outdoors, sports, camping, hiking, and fishing; Providing on-line videos featuring hunting, adventure, nature, outdoors, sports, camping, hiking, and fishing, not downloadable; Entertainment services, namely, providing a web site featuring non-downloadable hunting, adventure, nature, outdoors, sports, camping, hiking, and fishing themed photographs and videos; Education services, namely, providing on-line non-downloadable videos in the field of hunting, adventure travel, nature travel, outdoors recreational activities, sports, camping, hiking, and fishing; Educational services, namely, providing information in the fields of hunting, outdoors recreational activities, sports, camping, hiking, and fishing; and

x.     Trademark Registration No. 5,601,737 ("the '737 Registration") for **YETI** for shirts; t-shirts; hats; sun shirts; caps; sweatshirts; hooded sweatshirts; shorts; vests.

Copies of these trademark registrations are attached as Exhibits 1-10.  Additionally, the '869, '370, and '371 Registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of their validity and of YETI's exclusive rights to use these marks in commerce pursuant to 15 U.S.C. § 1115(b).  YETI also has common law rights in the "YETI" trademark based on YETI's use of "YETI" in commerce in connection

13

with YETI's goods and services, including, *inter alia*, portable coolers and beverageware. YETI's rights in the "YETI" trademark, including the '869 Registration, the '370 Registration, the '371 Registration, the '469 Registration, the '587 Registration, the '283 Registration, the '333 Registration, the '798 Registration, the '939 Registration, and the '737 Registration, and its common law rights, are collectively referred to as "YETI's Trademarks."

22.     As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of YETI's Trademarks, YETI's exclusive, continuous, and substantial advertising and promoting of products bearing YETI's Trademarks, and the publicity and attention that has been paid to YETI's Trademarks, these trademarks have become famous in the United States and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's Trademarks as source identifiers of YETI.

<u>**General Allegations – South Jetty Coolers' Unlawful Activities**</u>

23.     South Jetty Coolers has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including YETI's trade dress rights.  South Jetty Coolers' infringing products are confusingly similar imitations of YETI's products.

24.     South Jetty Coolers has also unlawfully used and continues to unlawfully use YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," in *inter alia*, advertising, promoting, offering to sell, selling, and distributing South Jetty Coolers' infringing products, and is thereby infringing and diluting YETI's Trademarks and intentionally trading on YETI's goodwill.  South Jetty Coolers' actions have all been without the authorization of YETI.

14

25.     South Jetty Coolers' infringing hard cooler products include at least its 20L cooler, 45L cooler, and 65L cooler. Exemplary images of South Jetty Coolers' infringing hard cooler products are shown below:

| **Illustration 5:  Exemplary Image of South Jetty Coolers' Infringing 20L, 45L, and 65L Hard Cooler Products from https://www.southjettycoolers.com/ and https://www.amazon.com.** |
| --- |



**South Jetty Coolers 20L Cooler**


**South Jetty Coolers 45L Cooler**


**South Jetty Coolers 65L Cooler**

26.     South Jetty Coolers' infringing drinkware products include at least its 30 oz. tumblers and 20 oz. tumblers. Exemplary images of South Jetty Coolers' infringing drinkware products are shown below:

| **Illustration 6:  Exemplary Images of South Jetty Coolers' Infringing 30 oz. Tumbler Products from https://www.instagram.com/southjettycoolers/.** |
| --- |



| Illustration 7: Exemplary Images of South Jetty Coolers' Infringing 20 oz. Tumbler Products from https://www.instagram.com/southjettycoolers/. |
|---|
|  |

27.     As a result of South Jetty Coolers' activities, there is a likelihood of confusion between South Jetty Coolers and its products on the one hand, and YETI and its products on the other hand.

28.     YETI used its trade dress and Trademarks extensively and continuously before South Jetty Coolers began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.  Moreover, YETI's trade dress and Trademarks became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before South Jetty Coolers commenced its unlawful use of YETI's trade dress and Trademarks.

## Count I:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

29.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 28 as though fully set forth herein.

16

30.     South Jetty Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of South Jetty Coolers with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

31.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

32.     South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

33.     On information and belief, South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers'

bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by South Jetty Coolers' continuing disregard for YETI's rights.

34.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

35.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36.     Based on the activities described above, including, for example, South Jetty Coolers' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, South Jetty Coolers is likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

37.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's

products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

38.    South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

39.    On information and belief, South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and South Jetty Coolers' continuing disregard for YETI's rights.

40.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count III:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

41.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

42.    Based on the activities described above, including, for example, South Jetty Coolers' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, South Jetty Coolers is likely to dilute,

have diluted, and continue to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

43.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.   Moreover, YETI's trade dress became famous and acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

44.     South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and

irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

45.     On information and belief, South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by South Jetty Coolers' continuing disregard for YETI's rights.

46.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count IV:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

47.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.     Based on the activities described above, including, for example, South Jetty Coolers using YETI's federally registered trademarks, including at least the trademarks protected by the '869 Registration, the '370 Registration, the '371 Registration, the '469 Registration, the '587 Registration, the '283 Registration, the '333 Registration, the '798 Registration, the '939 Registration, and the '737 Registration, and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, South Jetty Coolers has infringed YETI's federally registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  South Jetty Coolers' use of YETI's federally registered trademarks, including through reproductions, copies, and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

49.     South Jetty Coolers' use of YETI's federally registered trademarks, including through reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's federally registered trademarks, YETI's products, and YETI.

50.     On information and belief, South Jetty Coolers' use of YETI's federally registered trademarks, including through reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by South Jetty Coolers' unlawful use of YETI's federally registered trademarks and/or colorable imitations thereof in an effort to sell the infringing products, South Jetty Coolers' infringements of YETI's other rights, and South Jetty Coolers' continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count V:
## Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Based on the activities described above, including, for example, South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," South Jetty Coolers violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or

association of South Jetty Coolers with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

54.     YETI's Trademarks are entitled to protection under the Lanham Act.  YETI's Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's Trademarks in the United States.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trademarks acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

55.     South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

56.     On information and belief, South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by South Jetty Coolers' unlawful use of YETI's Trademarks and/or colorable imitations thereof to sell the infringing products, South Jetty Coolers' infringement of YETI's other rights, and South Jetty Coolers' continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Based on the activities described above, including, for example, South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," South Jetty Coolers is likely to dilute, has diluted, and continues to dilute YETI's famous Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).   South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, is likely to cause, and has caused, dilution of YETI's famous Trademarks at least by eroding the public's exclusive identification of YETI's famous Trademarks with YETI and YETI's products, by lessening the capacity of YETI's famous Trademarks to identify and distinguish YETI's products, by associating YETI's Trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous Trademarks.

60.     YETI's Trademarks are famous and are entitled to protection under the Lanham Act.   YETI's Trademarks are inherently distinctive.   YETI's Trademarks also have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's Trademarks in the United States.   Through that extensive and continuous use, YETI's Trademarks have become famous, well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming

public as a designation of the source of YETI and YETI's products.  YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trademarks became famous and acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

61.     South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

62.     On information and belief, South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by South Jetty Coolers' unlawful use of YETI's Trademarks and/or colorable imitations thereof to sell the infringing products, South Jetty Coolers' infringement of YETI's other rights, and South Jetty Coolers' continuing disregard for YETI's rights.

63.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Trademark Dilution under Tex. Bus. & Com. Code § 16.103**

64.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.    Based on the activities described above, including, for example, South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," South Jetty Coolers is likely to dilute, has diluted, and continues to dilute YETI's Trademarks in violation § 16.103 of the Texas Business & Commerce Code.  South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous Trademarks at least by eroding the public's exclusive identification of YETI's Trademarks with YETI, by lessening the capacity of YETI's famous Trademarks to identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's famous Trademarks.

66.    YETI's Trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its Trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's Trademarks are widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's Trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's Trademarks became famous and acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

67.    South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and

irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

68.     On information and belief, South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by South Jetty Coolers' unlawful use of YETI's Trademarks and/or colorable imitations thereof to sell the infringing products, and by South Jetty Coolers' continuing disregard for YETI's rights.

69.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count VIII:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

70.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.     South Jetty Coolers' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because South Jetty Coolers has obtained an unfair advantage as compared to YETI through South Jetty Coolers' use of YETI's trade dress and Trademarks and/or colorable imitations thereof, including at least "South Jetty" and "South Jetty Coolers," and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of South Jetty Coolers' infringing products, at least by creating the

false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

72.     YETI's trade dress and YETI's Trademarks are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and Trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress and YETI's Trademarks in connection with the infringing products.

73.     South Jetty Coolers' use of YETI's trade dress and Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Trademarks, YETI's products, and YETI.

74.     On information and belief, South Jetty Coolers' use of YETI's trade dress and Trademarks and colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by South Jetty Coolers' continuing disregard for YETI's rights.

75.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least South Jetty Coolers' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count IX:
## <u>Common Law Trade Dress Infringement</u>

76.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 75 as though fully set forth herein.

77.     South Jetty Coolers' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

78.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress in connection with its infringing products.

79.     South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

80.     On information and belief, South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by the similarity of it its infringing products to YETI's trade dress and South Jetty Coolers' continuing disregard for YETI's rights.

81.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, South Jetty Coolers' profits, punitive damages, costs, and reasonable attorney fees.

### Count X:
### Common Law Trademark Infringement

82.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 81 as though fully set forth herein.

83.     South Jetty Coolers' activities described above, including, for example, South Jetty Coolers' use of YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," in direct competition with YETI, constitute common law trademark infringement, at least because South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

84.     YETI's Trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trademarks

acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with the infringing products.

85.     South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

86.     On information and belief, South Jetty Coolers' use of YETI's Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by South Jetty Coolers' unlawful use of YETI's Trademarks and/or colorable imitations thereof to sell the infringing products, South Jetty Coolers' infringement of YETI's other rights, and South Jetty Coolers' continuing disregard for YETI's rights.

87.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, South Jetty Coolers' profits, punitive damages, costs, and reasonable attorney fees.

## Count XI:
## Common Law Unfair Competition

88.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 87 as though fully set forth herein.

89.     South Jetty Coolers' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of South

Jetty Coolers' goods, by simulating YETI's trade dress and Trademarks and/or colorable imitations thereof, including at least "South Jetty" and "South Jetty Coolers," in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of South Jetty Coolers' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  South Jetty Coolers has also interfered with YETI's business.

90.     YETI's trade dress and YETI's Trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress and YETI's Trademarks in connection with its infringing products.

91.     South Jetty Coolers' use of YETI's trade dress and Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Trademarks, YETI's products, and YETI.

92.     On information and belief, South Jetty Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers'

bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and South Jetty Coolers' continuing disregard for YETI's rights.

93.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, South Jetty Coolers' profits, punitive damages, costs, and reasonable attorney fees.

### Count XII:
### Common Law Misappropriation

94.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 93 as though fully set forth herein.

95.     South Jetty Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

96.     YETI created the Rambler® Drinkware and Roadie® and Tundra® Coolers covered by YETI's trade dress and YETI's Trademarks through extensive time, labor, effort, skill, and money.   South Jetty Coolers has wrongfully used YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," in competition with YETI and gained a special advantage because South Jetty Coolers was not burdened with the expenses incurred by YETI.   South Jetty Coolers has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of South Jetty Coolers' infringing products, by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

97.     YETI's trade dress and YETI's Trademarks are entitled to protection under the common law.   YETI's trade dress includes unique, distinctive, and non-functional designs.

YETI's Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress and YETI's Trademarks in connection with its infringing products.

98.     South Jetty Coolers' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products. Moreover, as a result of its misappropriation, South Jetty Coolers has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products.

99.     On information and belief, South Jetty Coolers' misappropriation of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  South Jetty Coolers' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and YETI's Trademarks and South Jetty Coolers' continuing disregard for YETI's rights.

100.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, South Jetty Coolers' profits, punitive damages, costs, and reasonable attorney fees.

**Count XIII:**
**<u>Unjust Enrichment</u>**

101.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 100 as though fully set forth herein.

102.    South Jetty Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because South Jetty Coolers has wrongfully obtained benefits at YETI's expense.  South Jetty Coolers has also, *inter alia*, operated with an undue advantage.

103.    YETI created the Rambler® Drinkware and Roadie® and Tundra® Coolers covered by YETI's trade dress and YETI's Trademarks through extensive time, labor, effort, skill, and money.  South Jetty Coolers has wrongfully used and is wrongfully using YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof, including using at least "South Jetty" and "South Jetty Coolers," in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  South Jetty Coolers has not been burdened with the expenses incurred by YETI, yet South Jetty Coolers is obtaining the resulting benefits for its own business and products.

104.    YETI's trade dress and YETI's Trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Trademarks for years in the United States and the State

of Texas.   Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before South Jetty Coolers commenced its unlawful use of YETI's trade dress and YETI's Trademarks and colorable imitations thereof in connection with its infringing products.

105.   South Jetty Coolers' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.   South Jetty Coolers has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

106.   On information and belief, South Jetty Coolers' unjust enrichment at YETI's expense has been intentional, willful, and malicious.   South Jetty Coolers' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, and South Jetty Coolers' continuing disregard for YETI's rights.

107.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least South Jetty Coolers' profits.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that South Jetty Coolers has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (iv) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (v) infringed YETI's Trademarks in violation of § 1125(a) of Title 15 in the United States Code; (vi) diluted YETI's Trademarks in violation of § 1125(c) of Title 15 in the United States Code; (vii) diluted YETI's Trademarks in violation of Tex. Bus. & Com. Code § 16.103; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (ix) violated YETI's common law rights in YETI's trade dress; (x) violated YETI's common law rights in YETI's Trademarks; (xi) engaged in common law unfair competition; (xii) engaged in common law misappropriation; and (xiii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by South Jetty Coolers was willful;

2.      An injunction against further infringement and dilution of YETI's trade dress and YETI's Trademarks, and further acts of unfair competition, misappropriation, and unjust enrichment by South Jetty Coolers, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of

YETI's trade dress, and/or Trademarks, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104, and 35 U.S.C. § 283;

3.      An Order directing South Jetty Coolers to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or Trademarks in South Jetty Coolers' possession or control, (iii) all plates, molds, and other means of making the infringing products in South Jetty Coolers' possession, custody, or control, and (iv) all advertising materials related to the infringing products in South Jetty Coolers' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing South Jetty Coolers to publish a public notice providing proper attribution of YETI's trade dress and YETI's Trademarks to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of South Jetty Coolers' profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.     Such other and further relief as this Court deems just and proper.


Dated:  August 28, 2019                    Respectfully submitted,


                                           By: /s/ Joseph J. Berghammer
                                           Joseph J. Berghammer (admitted in the Western
                                           District of Texas)
                                           Illinois Bar No. 6273690
                                           jberghammer@bannerwitcoff.com
                                           Michael L. Krashin (admitted in the Western
                                           District of Texas)
                                           Illinois Bar No. 6286637
                                           mkrashin@bannerwitcoff.com
                                           Sean J. Jungels (admitted in the Western District of
                                           Texas)
                                           Illinois Bar No. 6303636
                                           sjungels@bannerwitcoff.com
                                           Banner & Witcoff, Ltd.
                                           71 South Wacker Drive
                                           Suite 3600
                                           Chicago, IL 60606
                                           Telephone: (312) 463-5000
                                           Facsimile: (312) 463-5001

                                           **ATTORNEYS FOR YETI COOLERS, LLC**